IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

AUG - 7 2025

GARY P. SERDAR
CLERK OF COURT
BY_____
DEPUTY CLERK

RAINER F. HUCK, an individual, and
JOHN ANDERSON, an individual,
Plaintiffs,

v.

BUREAU OF LAND MANAGEMENT,
and U.S. DEPARTMENT OF THE
INTERIOR,

Defendants.

Case No.: 2:25-cv-00194-AMA-DAO
Judge Ann Marie McIff Allen
Magistrate Judge Daphne A. Oberg

## PLAINTIFFS' RESPONSE TO DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AND REQUEST FOR ORAL ARGUMENT

### I. MISREPRESENTATION OF PLAINTIFFS' CLAIMS

The Defendants, through the Assistant U.S. Attorney, have once again mischaracterized the nature and scope of this lawsuit in a manner that rises to the level of a fraud on the Court. The opening paragraph of the Defendants' Reply asserts that:

"Plaintiffs Rainer F. Huck and John Anderson seek an injunction that would compel the federal government to allow them to ride motorized vehicles in designated federal wilderness areas."

This statement is demonstrably false. A plain reading of the Complaint reveals that any mention of designated "Wilderness Areas" is minimal and incidental. The overwhelming thrust of the Complaint concerns the systemic institutional bias within the Bureau of Land Management (BLM) that has resulted in the closure of more than 95% of roads, lands, and trails to individuals using motorized means of access, while leaving 0% closed to those traveling by muscle power. This discriminatory policy disproportionately harms elderly, disabled, and rural Americans who rely on motorized means to access their public lands.

## II. PARTISAN LANGUAGE AND CONFLICT OF INTEREST

Defendants' characterization of Plaintiffs' position as seeking "unfettered access" to drive ATVs on public lands parrots language used by advocacy organizations such as the Southern Utah Wilderness Alliance (SUWA). Such phrasing betrays not only a lack of neutrality by the U.S. Attorney's Office but raises serious questions as to whether the Government is advocating on behalf of private interest groups rather than upholding the neutral rule of law. This strongly supports Plaintiffs' contention that the actions of the BLM are not neutral land-use policy decisions, but rather ideologically driven restrictions enacted in coordination with environmental organizations to eliminate motorized use as a prelude to further wilderness designation.

Plaintiffs contend that this partisan alignment of interests violates the Equal Protection Clause and, potentially, the Establishment Clause to the extent that it enshrines an "earth-based philosophy" into government land-use decisions.

## III. SUFFICIENCY OF THE PLEADINGS AND PROCEDURAL FAIRNESS

Defendants improperly demand that Plaintiffs prove their case in the pleadings, a standard that is not applied to environmental plaintiffs who routinely survive Rule 12 motions based on general allegations of land-use harm. The same standard must apply here. Plaintiffs have adequately pled plausible claims for relief, including constitutional violations and ultra vires actions by the BLM exceeding the authority granted under the Dingell Act.

Discovery is warranted to develop the record, including internal communications between BLM and third-party organizations, impact assessments, and historical records of access closures.

## IV. REQUEST FOR RECUSAL AND ORAL ARGUMENT

Given the repeated use of advocacy-group language and apparent conflict of interest, Plaintiffs respectfully request the recusal of Assistant United States Attorney Amanda A. Berndt from this case.

Further, Plaintiffs request that the Court schedule oral argument on the Motion to Dismiss pursuant to DUCivR 7-1(f), to allow the parties to clarify the legal and factual bases for the claims and defenses asserted. Oral argument will assist the Court in evaluating whether the Plaintiffs have stated claims upon which relief may be granted and whether dismissal is appropriate at this early stage.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that:

1. The Motion to Dismiss be denied in full;
2. This case be allowed to proceed to discovery;
3. Assistant U.S. Attorney Amanda A. Berndt be recused from further participation;
4. Oral argument be granted and scheduled at the Court's earliest convenience.

DATED this 4th day of August, 2025.

Respectfully submitted,

/s/ Rainer F. Huck
Rainer F. Huck, Pro Se
1680 East Atkin Avenue
Salt Lake City, Utah 84106
(801) 201-9660
rfhuck@yahoo.com

/s/ John Anderson
John Anderson, Pro Se
629 Lake Street, #3
Salt Lake City, Utah 84102
(801) 688-3192
landlord@sisna.com

CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of August, 2025, I caused a true and correct copy of the foregoing Plaintiffs' Response to Defendants' Reply in Support of Motion to Dismiss and Request for Oral Argument to be served via the CM/ECF electronic filing system, which will send notice to all counsel of record, including:

Amanda A. Berndt

Assistant United States Attorney

United States Attorney's Office

District of Utah

111 South Main Street, Suite 1800

Salt Lake City, Utah 84111

amanda.berndt@usdoj.gov

/s/ Rainer F. Huck

Rainer F. Huck, Pro Se

/s/ John Anderson

John Anderson, Pro Se