UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RAINER F. HUCK; and JOHN ANDERSON,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF LAND MANAGEMENT; and U.S. DEPARTMENT OF THE INTERIOR ,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DEFAULT JUDGMENT (DOC. NO. 2)**<br><br>Case No. 2:25-cv-00194<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

Rainer F. Huck and John Anderson, proceeding without an attorney, filed this action against the Bureau of Land Management and the United States Department of the Interior.[1] On June 2, 2025, before BLM or DOI appeared in this case, Mr. Huck and Mr. Anderson filed a "motion for summary judgment," requesting entry of summary judgment under Rule 56 or, alternatively, default judgment under Rule 55(b).[2] They attached documents indicating BLM and the United States Attorney's Office for the District of Utah were served on April 9, 2025, and DOI was served on April 18[3]—although no summonses had been issued. Mr. Huck and Mr. Anderson argued judgment should be entered against BLM and DOI because they failed to answer or

---

[1] (Compl., Doc. No. 1.)

[2] (Mot., Doc. No. 2); *see also* Fed. R. Civ. P. 56; Fed. R. Civ. P. 55(b).

[3] (Proofs of Service, Doc. No. 2 at 3–5.)

otherwise defend the case within twenty-one days of service.[4]  Shortly thereafter, on June 9, 2025, BLM and DOI appeared and moved to dismiss the case.[5]  Because Mr. Huck and Mr. Anderson have not shown they are entitled to default judgment or summary judgment, the undersigned[6] recommends the district judge deny their motion.

### Default Judgment

Rule 55 permits entry of default judgment against a party who "failed to plead or otherwise defend."[7]  First, Mr. Huck and Mr. Anderson have not shown service of process was properly effectuated.  Rule 4 requires both the complaint and a summons to be served,[8] and no summonses have been issued in this case.  Mr. Huck and Mr. Anderson also did not file proof of service on the United States Attorney General, as required to serve a United States agency.[9]  Next, even if service had been properly effectuated, Mr. Huck and Mr. Anderson incorrectly state the answer deadline.  Under Rule 12, a United States agency sued only in an official capacity must serve a responsive pleading or motion within sixty days after service on the United States

---

[4] (Mot. 2, Doc. No. 2.)

[5] (Mot. to Dismiss, Doc. No. 3.)

[6] This case is referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).  (*See* Doc. No. 9.)

[7] Fed. R. Civ. P. 55(a), (b).

[8] Fed. R. Civ. P. 4(c)(1).

[9] Fed. R. Civ. P. 4(i)(1)(B), (i)(2).

attorney.[10]  Mr. Huck and Mr. Anderson assert the United States attorney was served on April 9, 2025, making the deadline to file a responsive pleading or motion June 9, 2025 (had service been proper).[11]  The defendants filed a motion to dismiss by that deadline.  Accordingly, the defendants have not failed to plead or otherwise defend the case.

Further, default judgment may be entered against a United States agency "only if the claimant establishes a claim or right to relief by evidence that satisfies the court."[12]  Mr. Huck and Mr. Anderson submitted no such evidence with their motion.  Additionally, the undersigned has issued a separate Report and Recommendation to grant the defendants' motion to dismiss for failure to state a claim for relief under Rule 12(b)(6).[13]  For the same reasons stated in that Report and Recommendation, Mr. Huck and Mr. Anderson cannot establish a claim or right to relief under Rule 55(d).

<u>Summary Judgment</u>

Under Rule 56, the court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[14]  Where Mr. Huck and Mr. Anderson fail to state a

---

[10] Fed. R. Civ. P. 12(a)(2).

[11] Sixty days after April 9, 2025 was June 8, 2025, a Sunday.  Therefore, the deadline was extended to the next day that was not a weekend or legal holiday—June 9, 2025.  *See* Fed. R. Civ. P. 6(a)(1)(C).

[12] Fed. R. Civ. P. 55(d).

[13] (*See* Doc. No. 17.)

[14] Fed. R. Civ. P. 56(a).

plausible claim for relief,[15] they cannot show they are entitled to judgment as a matter of law.

## RECOMMENDATION

The undersigned recommends the district judge deny Mr. Huck and Mr. Anderson's motion for summary judgment and default judgment.[16] The parties have the right to object to this Report and Recommendation within fourteen days, and failure to object may be considered a waiver of objections.[17]

DATED this 6th day of February, 2026.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[15] (*See* Doc. No. 17.)

[16] (Doc. No. 2.)

[17] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).