# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RAINER FRIEDRICH HUCK, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BUREAU OF LAND MANAGEMENT, et al.,<br><br>    Defendants. | **ORDER ADOPTING REPORTS AND RECOMMENDATIONS**<br><br>Case No. 2:25-cv-00194<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs Rainer Huck and John Anderson enjoy off-roading on Utah's public lands.[1] Some portions of these public lands, however, have been designated as protected wilderness areas where motorized transportation is prohibited.[2] Plaintiffs say that this designation effectively bars them from enjoying these protected areas because they are unable to access them without motorized transportation due to their advanced age and other physical disabilities.[3] Plaintiffs, proceeding pro se, filed this lawsuit against the U.S. Bureau of Land Management and the U.S. Department of the Interior to challenge this designation.[4] Specifically, Plaintiffs assert that the prohibition of motor vehicles in protected wilderness areas violates several provisions of the U.S. Constitution and several decisions of the U.S. Supreme Court regarding the authority of federal administrative agencies.[5]

---

[1] *See* Dkt. No. 1 at 8–9. Pinpoint citations to documents in the record refer to the page numbers generated by CM/ECF.
[2] *See id.*
[3] *See id.* at 8–10, 13–14.
[4] *See id.* at 1–2.
[5] *See id.* at 19–29. Plaintiffs raised similar claims in three previous actions, but each of those lawsuits was dismissed without prejudice. *See Huck v. Bureau of Land Mgmt.*, No. 2:19-cv-00536, 2020 WL 1676923, at *1–2 (D. Utah Apr. 6, 2020) (unpublished); *Huck v. United States*, No.

Plaintiffs have also moved for summary judgment or, alternatively, default judgment, arguing that the government failed to respond to their complaint in time.[6] The government opposes this motion and moves to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted.[7] Pursuant to 28 U.S.C. § 636(b)(1)(B), the Honorable Daphne A. Oberg has issued a report and recommendation (an "R&R") for each of these pending motions.[8] She recommends that the Court deny Plaintiff's motion for summary judgment or default judgment and grant the government's motion to dismiss.[9] Each R&R instructs the parties of their right to object within 14 days of service and states that failure to object may constitute a waiver of objections upon subsequent review.[10] It has now been well over 14 days since the R&Rs were sent to the parties, and no objections have been filed. Thus, the Court will adopt the R&Rs because their analysis and conclusions are sound and no party has objected to them. *See* Fed. R. Civ. P. 72(b), advisory committee's note to 1983 addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

The R&Rs (Dkt. Nos. 17, 18) are hereby ADOPTED. The government's motion to dismiss (Dkt. No. 3) is GRANTED, and this action is DISMISSED WITH PREJUDICE. Plaintiffs' motion for summary judgment or, alternatively, for default judgment (Dkt. No. 2) is DENIED.

DATED this 2nd day of March 2026.   BY THE COURT:

_____
Ann Marie McIff Allen
United States District Judge

---

2:21-cv-00011, 2022 WL 2905663, at *1, *5 (D. Utah July 22, 2021) (unpublished); *Huck v. United States*, No. 2:22-cv-00588, 2023 WL 6163615, at *1, *14 (D. Utah Sept. 21, 2023) (unpublished).
[6] *See* Dkt. No. 2 at 1–2.
[7] Dkt. No. 3 at 2; Dkt. No. 7 at 1.
[8] Dkt. No. 17 at 1; Dkt. No. 18 at 1.
[9] Dkt. No. 17 at 32; Dkt. No. 18 at 4.
[10] Dkt. No. 17 at 32; Dkt. No. 18 at 4.